FRANK M. MURPHY, III
Attorney at Law, Bar # 51216
2482 Greyling Drive
San Diego, CA 92123-3907
Phone:  858-277-3207
FAX:  858-277-3207
E-mail:  fmlaw@san.rr.com

Attorney for Defendant
DOMINICK SMITH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  08cr1436-LAB |
| | ) | |
| Plaintiff, | ) | **STATEMENT OF FACTS** |
| | ) | **AND** |
| v. | ) | **POINTS AND AUTHORITIES** |
| | ) | |
| DOMINICK SMITH, | ) | Date:  6/16/08 |
| | ) | Time:  2:00 p.m. |
| Defendant. | ) | Court: JUDGE BURNS |
| _____ | ) | |

**STATEMENT OF FACTS**

An Indictment filed in this matter alleges that on April 6, 2008 the defendant transported illegal aliens and aided and abetted others.

Discovery received to date indicates that on April 6, 2008, defendant SMITH and other persons met at the Viejas Casino after which they traveled east on Interstate Highway 8.  The discovery indicates that a vehicle driven by defendant SMITH, picked up

aliens and transported them some distance before the Border
Patrol attempted to stop the vehicle.  Discovery indicates that
the vehicle failed to yield to the Border Patrol vehicle and
eventually came to  a stop on Interstate highway 8, traveling
westbound in the eastbound lanes.  All persons in the vehicle
were reportedly arrested.

### POINTS AND AUTHORITIES

1.    **STATEMENT OF DEFFENDANT.**  Pursuant to *Federal Rule of
Criminal Procedure 16(a)(1)(A)and (B)*, *Brady v. Maryland,* 373
U.S. 383 (1963) and the *Fifth* and *Sixth Amendments* to the *United
States Constitution*, defendant requests disclosure of any
statements, whether oral, written, or recorded made by him which
are in the possession, custody, or control of the government, or
which by the exercise of due diligence may become known to the
government, regardless of to whom made.  A defendant has the
right to inspect any copy written or recorded statements made by
him to government agents or within the custody or control of the
government.  This rule has been extended to permit discovery or
a written summary of the defendant's oral statement contained
the handwritten notes of the government agent.  *United States v.
Johnson*, 525 F.2d 999 (2nd Cir. 1975); *United States v. Pilnick*,
267 F. Supp. 791 (S.D.N.Y. 1976; *Loux v. United States*, 389 F.2d
911 (9th Cir. 1968).

2.   **DEFENDANT'S CRIMINAL RECORD**.   Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(D)*, defendant requests disclosure of his criminal record.

3.   **DOCUMENTS, TANGIBLE OBJECT, REPORTS**.   Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(E)* defendant requests the opportunity to inspect and copy or photograph all books, papers, documents, data, photographs, and tangible objects buildings or places which are enumerated in subsections (i), (ii) and (iii).

Defendant requests the opportunity to inspect and copy/photograph the following:

a.   the originals of the photographs supplied in discovery, specifically pages 0042, 0043, 0044, 0045, 0046, 0047, 0048, 0049, 0050, and 0051;

b.   all items found in a green 1997 Dodge Ram 2500, VIN 3B7KC23W1VM540876, California license number 5M48195;

c.   all items found in a blue FORD Escort, VIN 1FAFP13P8WW309280, California License 5YJJ275;

d.   all records relating to an alleged encounter with the 1997 Dodge Ram 2500 referred to in subparagraph a. above that occurred on any date prior to April 6, 2008;

e.   all records obtained relative to use of the following telephones:

1)   Black Motorola i205, identification number 36YEA4TX0;

2)   Black Cricket UTstarcom, identification number 7440317614;

3)   Black Motorola Boost i455, identification number 364V6N8GHK;

4)   Black Motorola L7c, identification number 02015249412.

f.   all video and/or photographs of defendant and/or the Dodge Ram 2500 vehicle obtained from any source.

4.   **REPORTS OF EXAMINATIONS AND TESTS**.  Defendant also requests any and all results and reports of scientific tests or experiments conducted by the government pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(F)*.

5.   **EXPERT WITNESSES**.  Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(G)* defendant requests disclosure of a written summary of testimony the government intends to use under *Federal Rules of Evidence 702, 703, or 705.*

6.   **NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE**. *Federal Rule of Criminal Procedure 12(b)(4) (B)* provides in pertinent part:

> "At the arraignment or as soon thereafter
> as practicable the defendant may, in order
> to have an opportunity to move to suppress

under Rule 12 (b)(3)(C), request
notice of the government's intention to use
(in its evidence-in-chief at trial) any evidence
which the defendant may be entitled to discover
under Rule 16."

The purpose of this rule is to avoid needless motions by the defense to suppress evidence that is not going to be used at trial.  The Rule places a burden on the government to review its case and let the defendant know what evidence the government is going to use.  In this way, the Rule seeks to "eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt."  *Jones v. United States*, 362 U.S. 257, 264 (1960).

7.    **RULE 404(b) EVIDENCE**.  Defendant requests the government be ordered to provide discovery and reasonable notice of evidence of other crimes, wrongs, or acts of the defendant that the government contends may be proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Defendant must have access to such evidence in order to be able to make a timely motion to exclude it at trial and for the purposes of the "balancing" required by *Rule 403*. See *United States v. Cook,* 609 F.2d 1174 (9th Cir. 1985).

8.    **RULE 609 EVIDENCE**.  Defendant requests that the government produce all evidence of prior convictions of the

defendant that the government intends to introduce at trial, for impeachment purposes, in the event the defendant testifies. Pretrial production of such convictions is necessary in order that the defendant may determine whether such convictions are admissible under *Rules 403 and 609*. The defendant further requests that the government supply the defendant with the notice required by *Rule 609(b)* relative to convictions in excess of 10 years old which the government intends to use for impeachment at trial.

9.   **PRESERVATION OF AGENTS' ROUGH NOTES.** Defendant requests an order that the rough notes of agents be ordered preserved at this time so that appropriate motions may be brought in the future of their production. *United States v. Harris,* 543 F.2d 1247 (9th Cir. 1976).

10**.** **TIMETABLE FOR DISCLOSURE OF** *JENCKS* **MATERIAL.** Defendant requests that the court establish a timetable for disclosure of *Jencks* material pre-trial to avoid unnecessary delay during the trial for investigation and in order that counsel may prepare for cross-examination.

11.   **CO-DEFENDANT'S STATEMENTS.** Defendant requests disclosure of statements of co-defendants as such statements may exculpate the defendant and should therefore be disclosed under *Brady*, infra. In addition, disclosure is necessary so that defendant can examine said statements to determine, pursuant to

*Bruton v. United States*, 391 U.S. 123 (1968), whether the statements implicate the defendant and should be redacted or whether severance should be sought.

12. **GOVERNMENT AGREEMENTS WITH WITNESSES**. Defendant requests disclosure of all agreements between the government and prosecution witnesses which may tend to show bias or motive not to tell the truth.

13. **BRADY AND GIGLIO MATERIAL**. Pursuant to *Brady v. Maryland*, 373 U.S. 383 (1963), *United States v. Agurs*, 42 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), defendant requests that the court order the government to disclose all evidence in its possession favorable to him on the issue of guilt, or evidence which tends to effect the credibility of the prosecution's case

14. **GOVERNMENT REVIEW OF LAW ENFORCEMENT PERSONNEL FILES.** The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant who may be involved in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is

exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  See *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

Dated:  May 24, 2008

                              Respectfully submitted,



                              S/RANK M. MURPHY, III
                              Attorney for Defendant
                              E-mail:  fmlaw@san.rr.com