LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California  92101-3909
Telephone:     (619) 236-8300
Facsimile:      (619) 236-8400
KDH@KurtDavidHermansen.com
Attorney for Defendant
CUAUHTLAHTOUAC HERNANDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CUAUHTLAHTOUAC HERNANDEZ,<br><br>    Defendant. | Case No.  08cr1436 LAB<br><br>DEFENDANT'S *REPLY* TO GOVERN-MENT'S RESPONSE AND OPPOSITION [DOC. 30] |

**I.     INTRODUCTION**

Mr. Hernandez submits the instant reply brief to address three arguments made by the government in its "response and opposition" to defendants' motions. *See* Doc. 24 filed 5/12/08 and amended as Doc. 26 filed 5/27/08.

First, Mr. Hernandez writes to address the government's response to his motion to compel the disclosure of dispatch and radio traffic tapes from the agents' April 6, 2008 surveillance of the Dodge Ram and the Ford Escort.  Second, Mr. Hernandez writes to address the government's argument that reasonable suspicion existed to stop Mr. Hernandez's Ford Escort at the Golden Acorn Casino.  Finally, Mr. Hernandez writes to address the government's

argument that Mr. Hernandez's statements were not made as a result of coercive tactics by border patrol agents.

## II. DEFENSE COUNSEL NEEDS THE GOVERNMENT TO DISCLOSE THE DISPATCH AND RADIO TRAFFIC TAPES ON OR BEFORE JUNE 11, 2008.

In its response to Mr. Hernandez's request for dispatch and radio tapes of the agents' April 6, 2008 surveillance of the Dodge Ram and Ford Escort, the government states: "The U.S. Attorney's Office has requested that the agents obtain the records [of the tapes]. The discovery will be provided to Defendants, if such tapes exist, when they are provided to the U.S. Attorney's Office." *See* Gov't Response (Doc. 30) pp. 2-3. The government's response goes on to state:

> records of radio transmissions, if they existed, are frequently kept for a short period of time and may no longer be available. Counsel should contact the Assistant assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

*Id*. at 3.

### A. The Dispatch and Radio Traffic Tapes are Material to Mr. Hernandez's Defense and Are Needed to Prepare for the Motion Hearing.

There were at least four border patrol agents surveying the Dodge Ram and Ford Escort, allegedly driving in "tandem" on April 6, 2008. *See* Bates Stamp ("BS") pp. 7-14.[1] Since it appears that the four border patrol agents were driving in separate vehicles, it is very likely that the agents were communicating with each other via radio traffic.

In his First Amended Motion to Suppress Evidence and Statements, filed on May 27, 2008, Mr. Hernandez asserted that his unlawful detainment at the Golden Acorn Casino led to his unlawful arrest. There is clearly an issue as to whether agents had reasonable suspicion to stop Mr. Hernandez's Ford Escort, as well as whether agents had probable cause to arrest him. These issues are material to Mr. Hernandez's defense because evidence unfavorable to Mr. Hernandez, which was obtained as a result of the unlawful detention and arrest, may

---

[1] The Bates Stamp citations refer to the discovery pages provided to defense counsel by the government.

ultimately be excluded from Mr. Hernandez's trial. Defense counsel has a good faith basis to believe that the tapes will show the agents did not have reasonable suspicion to stop the Ford Escort, and will show the agents did not have probable cause to arrest Mr. Hernandez.

For the foregoing reasons, the dispatch and radio tapes are material and must be provided to defense counsel pursuant to Fed. R. Crim. P. 16 (a)(1)(E)(i).

**B.    Defense Counsel Has Complied With Fed. R. Crim. Proc. 16.**

On May 12, 2008, Mr. Hernandez filed his first motion to compel discovery pursuant to Fed. R. Crim. P. 16, and sought disclosure of dispatch and radio traffic tapes. Motion Doc. 24 p. 3. On May 27, 2008, Mr. Hernandez filed his first amended motion to compel discovery, and sought disclosure of dispatch and radio traffic tapes. Doc. 26 p. 6. On May 20, 2008, defense counsel faxed an informal letter to the government "specifically renew[ing]" his request for tapes of radio traffic and dispatch. Finally, on June 9, 2008, defense counsel sent the government an email and again, requested the recorded dispatch and radio traffic tapes. Although the government asked law enforcement to obtain such tapes, it is defense counsel's understanding that the government has been unable to obtain the tapes from the agents.

Defense counsel has attempted to obtain these tapes before the motion hearing to no avail. Defense counsel will be unable to effectively cross-examine the border patrol agents at the June 16, 2008 motion hearing without first reviewing the tapes. Unless defense counsel obtains the tapes on or before June 11, 2008, defense counsel will be seeking a continuance pursuant to Fed. R. Crim. P. 16(c)(2)(B) (if a party fails to comply with Rule 16, the court may grant a continuance).

**C.    Defense Counsel Needs the Discovery Before Leaving for the Death Penalty Conference.**

Defense counsel will be attending the Habeas Institute's Federal Post-Conviction Skills Seminar from June 12, 2008 to June 15, 2008, in San Francisco, California. In order to prepare for the motion hearing scheduled for Monday, June 16, 2008, defense counsel needs to obtain the tapes the day before leaving, namely June 11, 2008.

**D. Conclusion.**

For the foregoing reasons, Mr. Hernandez requests the Court grant his motion to compel disclosure of the dispatch and radio traffic tapes to defense counsel on or before June 11, 2008. If the government cannot provide the tapes to defense counsel on or before June 11, 2008, Mr. Hernandez requests the Court grant a continuance with regard to his motion to exclude evidence and statements.

**III.  AN EVIDENTIARY HEARING ON MR. HERNANDEZ'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS WILL SHOW THAT Mr. HERNANDEZ WAS UNLAWFULLY SEIZED IN VIOLATION OF WITH THE FOURTH AMENDMENT.**

In its response, the government argues there are three factors, when "considered together," support a finding that the agents had reasonable suspicion to stop Mr. Hernandez's vehicle on April 6, 2008. Gov't Response Doc. 30 p.9. The government also states that "the United States expects the evidence to show that the reasonable suspicion to stop bloomed into probable cause to arrest [Mr.] Hernandez." *Id*. at 10 (emphasis added). The government may well expect the evidence at the motion hearing to support a finding of reasonable suspicion and probable cause. However, in his motion to suppress evidence and statements, Mr. Hernandez "allege[d] facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact [related to the detention and arrest of Mr. Hernandez] exist." United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000). Therefore, at the conclusion of the evidentiary hearing, the government is free to argue there was reasonable suspicion to stop and probable cause to arrest Mr. Hernandez on April 6, 2008. However, Mr. Hernandez continues to maintain that he was unlawfully detained and arrested. Thus, he requests the Court exclude his statements allegedly made at the El Cajon Border Patrol Station, as well as any fruits obtained from his Ford Escort and his person.

1  IV. **A REASONABLE PERSON IN Mr. HERNANDEZ'S SHOES WOULD HAVE
2      OBJECTIVELY BELIEVED HE HAD TO MAKE STATEMENTS DURING
3      INTERROGATION.**

4  The government cites *United States v. Leon-Guerrero*, 847 F.2d 1363, 1365-66 (9th Cir.
5  1988), to support its argument that Mr. Hernandez's "will was [not] overborne." Gov't
6  Response Doc. 30 p. 10. In *Leon-Guerrero*, 847 F.2d at 1367, the court held that Leon-
7  Guerrero's statements were not involuntary for reasons completely distinguishable from
8  Mr. Hernandez's case.

9  In *Leon-Guerrero*, 847 F.2d at 1365, the defendant voluntarily appeared at the Guam FBI
10 office and told an FBI agent he wanted to "cooperate with the investigation." The United States
11 Attorney spoke with Leon-Guerrero and told Leon-Guerrero that "his cooperation would be
12 taken into consideration in any future handling of cases involving him, that whether to cooperate
13 was his choice, and that he had the right not to cooperate." *Id*. Subsequently, Leon-Guerrero
14 confessed to committing the crime of paying "kickbacks" to several Guam government officials.
15 *Id*.

16 In finding that Leon-Guerrero's statements were not involuntary, the court held that the
17 United States Attorney's statement that Leon-Guerrero's cooperation would be taken into
18 consideration was "not sufficiently compelling to overbear his free will and rational intellect."
19 *Id*. at 1367. A promise made by the government "must be sufficiently compelling to overbear
20 the suspects' will in light of all attendant circumstances." *Id*. at 1366.

21 Here, Agent Denise did not tell Mr. Hernandez his cooperation would be taken into con-
22 sideration by the United States Attorney. Mr. Hernandez did not initiate a conversation with
23 Agent Denise regarding cooperating with the investigation. Unlike in *Leon-Guerrero*, Agent
24 Denise never told Mr. Hernandez he could choose not to cooperate with agents. *See Leon-
25 Guerrero*, 837 F.2d at 1367 (in holding his statements were voluntary, the court stated that
26 Leon-Guerrero was an educated businessman, came to visit the FBI office on three different oc-
27 casions, and was told by the United States Attorney that he did not have to cooperate if he did
28 not want to). Mr. Hernandez asked Agent Denise what was going on. *See* Hernandez Decl.

1  Doc. 26-3. In response, Agent Denise told Mr. Hernandez that he would get him some food, ask
2  him some questions and then, take him to the trolley station. Agent Denise did not promise
3  Mr. Hernandez leniency at the time of sentencing. Instead, Agent Denise promised Mr. Her-
4  nandez freedom in exchange for his statements. A promise of freedom, like the one made by
5  Agent Denise, is one that is "sufficiently compelling to overbear [Mr. Hernandez's] will in light
6  of all . . . [the] circumstances. *Leon-Guerrero*, 847 F.2d 1363.
7        In response to the Government's brief with regard to Mr. Hernandez's "subjective . . . un-
8  supported speculation about the agent's motives and his overactive imagination, apparently
9  fueled by television dramas," Mr. Hernandez's beliefs about what happens on television is not
10 misplaced. *See* Gov't Response Doc. p. 10. Mr. Hernandez did undoubtedly subjectively
11 believe he would be harmed by agents if he did not talk to them. However, under the totality
12 of the circumstances (i.e., seeing his two co-defendants being hauled into the border patrol sta-
13 tion, looking dirty and beaten up, being paraded by agents past Mr. Hernandez's cell, and being
14 handcuffed to benches), Mr. Hernandez objectively believed he would be injured by agents if
15 he refused to give them statements. The coercive conduct of the agents at the border patrol
16 station coupled with Mr. Hernandez being driven ten miles east of the Golden Acorn Casino and
17 being placed in a curious border patrol station without being questioned, supports a finding of
18 a coercive environment, which would, under the totality of the circumstances, overbear the will
19 of a twenty-year old, G.E.D. educated man.

20 **V.    CONCLUSION.**

21       For the reasons stated above, Defendant respectfully requests that this Court grant the
22 Motions filed as Doc. 26.

23 Dated: *June 10, 2008*                              *s/Kurt David Hermansen*
24                                                     Attorney for Defendant
25                                              Email: KDH@KurtDavidHermansen.com
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 08cr1436 LAB |
|---|---|
| Plaintiff, | ) |
| v. | ) CERTIFICATE OF SERVICE |
| CUAUHTLAHTOUAC HERNANDEZ, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, California 92101.

I have caused service of **DEFENDANT'S *REPLY* TO GOVERNMENT'S RESPONSE AND OPPOSITION [DOC. 30]**. The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

**Julie A Blair**   julieannblair@hotmail.com
**Steven D De Salvo**   steven.desalvo@usdoj.gov, maria.richardson@usdoj.gov
**Stephen Demik**   stephen_demik@fd.org, sylvia_freeman@fd.org
**Kurt David Hermansen**   KDH@KurtDavidHermansen.com
**Frank M Murphy , III**   fmlaw@san.rr.com, fmurphy1@san.rr.com
**Neil R Trop**   neiltroplaw@hotmail.com
**U S Attorney CR**   Efile.dkt.gc2@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>June 10, 2008</u>   *s/Kurt David Hermansen*

Attorney for Defendant
Email: KDH@KurtDavidHermansen.com